IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ELBERT S. TEAL,**

      **Plaintiff,**

v.                                                    Case No. 5:05-cv-161
                                                    (Judge Stamp)

**UNITED STATES OF AMERICA,**
**OFFICER BOWMAN, OFFICER**
**BENDER, OFFICER BUTLER,**
**OFFICER SMITH, and LIEUTENANT**
**WHINNERY,**

      **Defendants.**

## REPORT AND RECOMMENDATION

On September 19, 2005, the plaintiff initiated this case by filing a civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (authorizing suits against federal employees in their individual capacities), and the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, et seq. Plaintiff is proceeding *pro se* and *in forma pauperis*. This case is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq., and 28 U.S.C.§§ 1915(e) and 1915A.

## I. The Complaint

In the Complaint, plaintiff asserts that on August 13, 2004, as he was returning to his assigned housing unit, he was stopped by Officer Bowman. Officer Bowman was apparently disturbed by the fact that plaintiff's pant leg was pulled up to his knee. After stopping plaintiff, Officer Bowman stated, "Let me show you what is wrong with your pants leg." Complaint at 3. After doing so, he "hoisted his foot from up off the ground and kicked the plaintiff on his left leg just below the plaintiff's left leg knee area in an attempt to kick the plaintiff's pants leg back

down the plaintiff's leg." Id. Plaintiff asserts that the actions of Officer Bowman were unprovoked and unwarranted and committed in the presence of Officers Bender, Butler and Smith.

After he was "attacked," plaintiff asserts that Officers Bender, Butler and Smith were deliberately indifferent to his needs because they failed to notify their superiors about the incident and failed to obtain medical attention for plaintiff. Moreover, plaintiff proceeded to enter his assigned housing unit to change out of his sweat pants and into his institutional uniform. As plaintiff removed his sweat pants, he observed blood on the area where he had been kicked by Officer Bowman.

Later that day, plaintiff informed two staff members about the incident. Plaintiff was told by one staff member that he did not appear to be hurt and was informed by another staff member that the incident would be reported to an Assistant Warden. It does not appear as if plaintiff sought medical attention for his injuries.

Three days later, plaintiff was advised by an Assistant Warden that he had indeed been informed of the incident and that he was taking care of it. Nevertheless, plaintiff informed at least three additional staff members of the incident. Plaintiff handed an informal administrative remedy to one of those persons and also provided a copy of that request to his correctional counselor. As a result, plaintiff was seen by Lieutenant Whinnery that afternoon. The Lieutenant informed plaintiff that he would be taken to medical for an examination and would then be placed in administrative detention.[1] Plaintiff was informed that anytime an inmate

---

[1] Plaintiff's medical exam revealed a small abrasion near his left knee, with little or no bleeding. See plaintiff's medical records attached to the complaint as unmarked exhibits. Plaintiff informed the medical staff that, although his knee hurt at the time of the "attack," it does not now hurt to walk on his left leg. Plaintiff's knee showed no signs of infection or swelling at the time of the exam, and plaintiff made no complaints of pain. Plaintiff received what was described as "minor first aid."

makes an allegation of this nature against a staff member, the inmate is placed in administrative detention pending the investigation.

On August 17, 2004, plaintiff was escorted to an office in the Special Housing Unit (SHU) where photographs of his injuries were taken. Plaintiff continued to file grievances about the incident and was assured that his allegations of staff misconduct had been referred to the appropriate Bureau of Prisons (BOP) component for investigation and disposition. Despite this information, plaintiff continued to file grievances about the incident and to inform other staff members about the alleged "attack."

## II. Claims of the Complaint

Based on the aforementioned facts, plaintiff asserts the following grounds for relief:

(1) that defendant Bowman violated his Eighth Amendment right to be free from cruel and unusual punishment by using excessive force;

(2) the unprovoked "attack" on plaintiff by defendant Bowman violated the Due Process clause of the Fourteenth Amendment;

(3) that defendants Bender, Butler and Smith violated his right under the Eighth Amendment to be free from cruel and unusual punishment by failing to report the incident to their superiors and by failing to get plaintiff medical help; and,

(4) that defendant Whinnery violated plaintiffs' rights under the First Amendment by placing him in segregation in retaliation for filing administrative remedies against defendant Bowman.

## III. Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee,

the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[2] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## IV. ANALYSIS

A. Excessive Force

The Eighth Amendment prohibits "the unnecessary and wanton infliction of pain" which constitutes cruel and unusual punishment. Whitley v. Albers, 475 U.S. 312 (1986). The use of excessive force may constitute cruel and unusual punishment. Hudson v. McMillian, 503 U.S. 1 (1992). An excessive force case has two prongs an objective prong and a subjective prong. Under the objective prong, the plaintiff must establish that "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." Norman v. Taylor, 25 F.3d

---

[2] Id. at 327.

4

1259, 1262 (4th Cir.1994) (en banc), *cert. denied*, 513 U.S. 1114 (1995)(quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)). Subjectively, the plaintiff must show that the "prison officials maliciously and sadistically used force to cause harm." Hudson, 503 U.S. at 9; Williams v. Benjamin, 77 F. 3d 756, 761 (4th Cir. 1996).

According to the Fourth Circuit Court of Appeals, "absent the most extraordinary circumstances" an individual who suffers only *de minimis* injuries cannot prevail on an Eighth Amendment excessive force claim. Riley v. Dorton, 115 F.3d 1159 (4th Cir. 1997)(en banc), *cert. denied*, 522 U.S. 1030 (1997); Norman, 25 F.3d at 1263.[3] "The Eighth Amendments prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Hudson, 503 U.S. at 9-10. See also Taylor v. McDuffie, 155 F.3d 479 (4th Cir. 1998), *cert. denied*, 525 U.S. 1181 (1999) (same). However, if the force used is "repugnant to the conscience of mankind," i.e., "diabolic" or inhuman physical punishment, a prisoner can prevail on an excessive force claim even if the injuries sustained are *de minimis.* Norman, 25 F.3d at 1263.

Here, plaintiff's injuries were no more severe than the plaintiff's injuries in Riley or Norton. In fact, plaintiff did not even know that he was injured until he removed his sweat pants. And, even after that discovery, he did not seek medical attention. Plaintiff was only seen by the medical staff at the behest of the officers investigating the alleged assault.

Moreover, only three days after the alleged assault, plaintiff's medical records reveal that

---

[3] In both Riley and Norman, the Fourth Circuit found that the plaintiff's injuries were *de minimis,* thereby proving that only *de minimis* force was used. In Norman, the plaintiff's injury was a swollen thumb caused by the defendants keys hitting him in the hand. In Riley, the plaintiff had his face slapped and had the tip of a pen placed in his nose, along with a threat to rip his nose open.

he suffered only a small abrasion, had little or no bleeding, no swelling, no complaints of pain, and no difficulty ambulating. Clearly, any injury plaintiff suffered was *de minimis,* and plaintiff cannot establish the objective component of the test for excessive force. Thus, plaintiff can only prevail on an excessive force claim if he can show that the alleged force used was "repugnant to the conscience of mankind," i.e., "diabolic" or inhuman physical punishment. A kick in the knee is hardly repugnant, diabolic, or inhumane.

Therefore, it is the recommendation of the undersigned that plaintiff's excessive force claim be dismissed with prejudice for the failure to state a claim.

B. Due Process

"To show a violation of due process in the context of an assault, the plaintiff must allege that the defendant intended to infringe a constitutional right through the battery or could reasonably have foreseen that infringement would be the result." Perry v. Walker, 586 F.Supp. 1264, 1265 (E.D.Va. 1984) (citations omitted). "[A]n allegation of unjustified striking alone, without a factual allegation of, for instance, a striking affecting other substantive constitutional rights of a plaintiff, simply does not state a constitutional claim." Sellers v. Roper, 554 F.Supp. 202, 206 (E.D.Va. 1982) (citing Screws v. United States, 325 U.S. 91 (1944)); see also Dandridge v. Police Department of the City of Richmond, 566 F.Supp. 152, 161 (E.D.Va. 1983); Brooks v. School Board of City of Richmond, Virginia, 569 F.Supp. 1534, 1538-1539 (E.D.Va. 1983).

In this case, plaintiff alleges nothing more than a general assault and battery. Plaintiff does not allege that defendant Bowman intended to violate a specific constitutional right to which plaintiff was entitled. Therefore, it is the recommendation of the undersigned that

6

plaintiff's due process claim be dismissed with prejudice for the failure to state a claim.

C. Deliberate Indifference

   1. Failure to Report Incident

In general, the Eighth Amendment prohibits "cruel and unusual punishment." Farmer v. Brennan, 511 U.S. 825 (1994). In order to comply with the Eighth Amendment, prison punishment must comport with "the evolving standards of decency that mark the progress of a maturing society." Estelle v. Gamble, 429 U.S. 97, 102 (1976). "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. at 837.

In this claim, plaintiff asserts that defendants Bender, Butler and Smith violated his rights under the Eighth Amendment for failing to report the assault to their superiors. However, plaintiff fails to assert how this inaction resulted in a violation of his right to be free from cruel and unusual punishment. This action was neither punishment, nor cruel or unusual. In addition, the Court fails to see, nor does plaintiff explain, how the failure to report the incident shows that the defendants were deliberately indifferent to any of plaintiff's needs. Finally, plaintiff does not assert, nor does he explain, how the inaction of the defendants denied him humane conditions of confinement or how the failure to report the alleged assault shows that the defendants disregarded an excessive risk to the plaintiff's health or safety.

Therefore, it is the recommendation of the undersigned that a plaintiff's deliberate

indifference claim against defendants Bender, Butler and Smith for failing to report the assault on plaintiff by defendant Bowman, be dismissed with prejudice for the failure to state a claim.

    2. Failure to Obtain Medical Treatment

To state a claim under the Eighth Amendment for ineffective medical assistance, the plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. at 104. To succeed on an Eighth Amendment "cruel and unusual punishment" claim, a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison official acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991).

A serious medical condition is one that has been diagnosed by a physician as mandating treatment or that is so obvious that even a lay person would recognize the need for a doctor's attention. Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990), cert. denied, 500 U.S. 956 (1991). A medical condition is also serious if a delay in treatment causes a life-long handicap or permanent loss. Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3rd Cir. 1987), *cert. denied*, 486 U.S. 1006 (1988).

The subjective component of a cruel and unusual punishment claim is satisfied by showing that the prison official acted with deliberate indifference. Wilson, 501 U.S. at 303. A finding of deliberate indifference requires more than a showing of negligence. Farmer v. Brennan, 511 at 835. A prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. A prison official is not liable if he "knew the underlying facts but

8

believed (albeit unsoundly) that the risk to which the fact gave rise was insubstantial of nonexistent." Id. at 844.

In this instance, plaintiff cannot show that he suffered from a serious medical condition. At best, plaintiff suffered a small abrasion that even he was not aware of until he removed his sweat pants. Moreover, plaintiff did not request medical assistance at the time of the incident and walked away, apparently unharmed. Defendants Bender, Butler and Smith simply could not have known that plaintiff required medical treatment. Therefore, plaintiff is unable to establish either the objective or subjective components of a deliberate indifference claim.

Accordingly, it is the recommendation of the undersigned that a plaintiff's deliberate indifference claim for lack of medical treatment against Defendants Bender, Butler and Smith, be dismissed with prejudice for the failure to state a claim.

D. Retaliation

In order to sustain a claim based on retaliation, a plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams v. Rice, 40 F.3d 72, 75 (4th Cir.1994). Therefore, "in forma pauperis plaintiffs who claim that their constitutional rights have been violated by official retaliation must present more than naked conclusory allegations of reprisal to survive [§ 1915(e)(2)(B) ]." Id. Furthermore, claims of retaliation are treated with skepticism in the prison context. Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir.1996). Additionally, a plaintiff alleging that government officials retaliated against her in violation of her constitutional rights must demonstrate, *inter alia,* that she suffered some adversity in response to her exercise of protected rights. " American Civil Liberties Union of Maryland, Inc. v. Wicomico County, Md.,

9

999 F.2d 780, 785 (4th Cir. 1993).

First, inmates do not have a constitutional right to participate in grievance procedures. Adams, 40 F. 3d at 75. Thus, plaintiff can state no retaliation claim regarding the filing of his grievances. In addition, although plaintiff's placement in segregation was *related* to his grievances against Officer Bowman, it was not *retaliatory*. Lieutenant Whinnery explained to plaintiff that such action is the custom and policy of the BOP when an inmate makes a serious allegation against a staff member. Lieutenant Whinnery was simply following policy and plaintiff's retaliation claim is nothing more than conclusory.

Therefore, it is the recommendation of the undersigned that plaintiff's retaliation claim against defendant Whinnery be dismissed with prejudice for the failure to state a claim.[4]

E. FTCA Claim

The FTCA waives the federal government's traditional immunity from suit for claims based on the negligence of its employees. 28 U.S.C. § 1346(b)(1). "The statute permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). Because all of the alleged negligent acts occurred in West Virginia, the substantive law of West Virginia governs this case.

In West Virginia,

> every action for damages resulting from injuries to the plaintiff,
> alleged to have been inflicted by the negligence of the defendant,

---

[4] To the extent that plaintiff alleges that his placement in segregation violated his right to due process, plaintiff has also failed to state a claim under the Fifth Amendment. See Sandin v. Connor, 515 U.S. 472, 484 (1995) (Liberty interests are generally limited to freedom from restraint which imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life); see also Beverati v. Smith, 120 F.3d 500 (4th Cir. 1997)

10

> it is incumbent upon the plaintiff to establish . . . three
> propositions: (1) A duty which the defendant owes to him; (2) A
> negligent breach of that duty; (3) Injuries suffered thereby,
> resulting proximately from the breach of that duty.

Webb v. Brown & Williamson Tobacco Co., 2 S.E.2d 898, 899 (W.Va. 1939). With regard to federal prisoners, the BOP owes a duty to provide suitable quarters, and to provide for the inmates' safekeeping, care, and subsistence. 28 U.S.C. § 4042(a).

Here, plaintiff fails to explain how the actions of the defendants were negligent. Plaintiff alleges no duty and no breach of duty. However, in construing the claims of the *pro se* plaintiff in a liberal fashion,[5] the Court will interpret plaintiff's claim as one for personal injury resulting in the BOP's failure to provide for his safekeeping by allowing one of its employees to assault him.[6] In this regard, the Court finds that summary dismissal of this claim is not warranted at this time and that the United States should be ordered to respond to the allegations made in the complaint.

## V. Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that plaintiff's Bivens claims against the individual federal defendants be DISMISSED with prejudice under 28 U.S.C. §§ 1915(e) and 1915A for the failure to state a claim. However, it is the undersigned's recommendation that the plaintiff's tort claim be served upon the United States and the United States be ordered to respond to the allegations made against it.

Within ten (10) days after being served with a copy of this recommendation, any party

---

[5] See Haines v. Kerner, 404 U.S. 519 (1972) (*pro se* allegations must be read in a liberal fashion).

[6] See plaintiff's Claim for Damage Injury or Death submitted to the BOP on December 30, 2004, in which plaintiff claimed personal injury in the amount of $250,000 for the alleged assault by Officer Bowman, attached to the complaint as an unmarked exhibit.

may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.[7]

    The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and any counsel of record.

    DATED: February 8, 2006.

                                  /s/ James E. Seibert
                                  JAMES E. SEIBERT
                                  UNITED STATES MAGISTRATE JUDGE

---

[7] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), *cert. denied*, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).