IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


ELBERT S. TEAL,

        Plaintiff,

v.                                      Civil Action No. 5:05CV161
                                                           (STAMP)
OFFICER BOWMAN, OFFICER BENDER,
OFFICER SMITH, LT. WHINNERY,
UNITED STATES OF AMERICA
and OFFICER BUTLER,

        Defendants.


              **MEMORANDUM OPINION AND ORDER**
              **AFFIRMING AND ADOPTING REPORT AND**
              **RECOMMENDATION OF MAGISTRATE JUDGE**

        On September 19, 2005, pro se plaintiff, Elbert S. Teal, filed a complaint against the defendants seeking monetary damages pursuant to Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq. The Court referred the motion to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B).

        That same day, the plaintiff filed an application to proceed without prepayment of fees. In November 2005, Magistrate Judge Seibert filed an order granting plaintiff's application for leave to proceed in forma pauperis.

        On February 8, 2006, the magistrate judge entered a report recommending that the plaintiff's Bivens, 403 U.S. at 388, claims be dismissed and the plaintiff's tort claim be served upon the

United States.  In addition, the magistrate judge recommended that the United States should have the ability to respond to the tort claims alleged in the plaintiff's complaint.  The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation.  To date, the parties have filed no objections.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a <u>de novo</u> review of those portions of the magistrate judge's findings to which objection is made.  However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to <u>de novo</u> review is waived.  <u>See</u> <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982); <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979).  Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## I. <u>Facts</u>

On August 13, 2004, the plaintiff was returning to his assigned housing unit when he alleges that Officer Bowman "hoisted his foot from up off the ground and kicked the plaintiff on his left leg just below the plaintiff's left leg knee area in an attempt to kick the plaintiff's pants leg back down the plaintiff's

2

leg." (Compl. at 3.)  The plaintiff asserts that Officer Bowman committed this action in front of Officers Bender, Butler and Smith.

After he was "attacked," plaintiff asserts that Officers Bender, Butler and Smith were deliberately indifferent to his needs because they failed to notify their superiors about the incident and failed to obtain medical attention for plaintiff.  Moreover, plaintiff proceeded to enter his assigned housing unit to change out of his sweat pants and into his institutional uniform.  As plaintiff removed his sweat pants, he observed blood on the area where he had been kicked by Officer Bowman.

Later that day, plaintiff informed two staff members about the incident.  Plaintiff was told by one staff member that he did not appear to be hurt and was informed by another staff member that the incident would be reported to an Assistant Warden.  It does not appear as if plaintiff sought medical attention for his injuries.

Three days later, plaintiff was advised by an Assistant Warden that he had indeed been informed of the incident and that he was taking care of it.  Nevertheless, plaintiff informed at least three additional staff members of the incident.  Plaintiff handed an informal administrative remedy to one of those persons and also provided a copy of that request to his correctional counselor.  As a result, plaintiff was seen by Lieutenant Whinnery that afternoon. The lieutenant informed plaintiff that he would be taken to medical for an examination and would then be placed in administrative

3

detention.  Plaintiff was informed that anytime an inmate makes an allegation of this nature against a staff member, the inmate is placed in administrative detention pending the investigation.

On August 17, 2004, plaintiff was escorted to an office in the Special Housing Unit ("SHU") where photographs of his injuries were taken.  Plaintiff continued to file grievances about the incident and was assured that his allegations of staff misconduct have been referred to the appropriate Bureau of Prisons ("BOP") component for investigation and disposition.  Despite this information, plaintiff continued to file grievances about the incident and continued to inform other staff members about the "attack."

In his complaint, the plaintiff asserts that: (1) defendant Officer Bowman violated his Eighth Amendment right to be free from cruel and unusual punishment by using excessive force; (2) the unprovoked "attack" on the plaintiff by Officer Bowman violated the Due Process Clause of the Fourteenth Amendment; (3) Officers Bender, Butler and Smith, violated the plaintiff's right under the Eighth Amendment to be free from cruel and unusual punishment by failing to report the incident to their superiors and by failing to provide medical attention to the plaintiff; and (4) Lieutenant Whinnery violated the plaintiff's First Amendment right by placing him in segregation.

II. <u>Analysis</u>

A. <u>Excessive Force</u>

The Eight Amendment prohibits "cruel and unusual punishment." U.S. Const. amend. VIII. To establish a case of excessive force in violation of the Eighth Amendment, a plaintiff must satisfy a two-prong test, which consists of an objective prong and a subjective prong. Under the objective prong, a plaintiff must establish that "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." <u>Norman v. Taylor</u>, 25 F.3d 1259, 1262 (4th Cir. 1994)(en banc), <u>cert. denied</u>, 513 U.S. 1114 (1995)(quoting <u>Hudson v. McMillian</u>, 503 U.S. 1, 8 (1992)). Under the subjective prong, a plaintiff must establish that the "prison officials maliciously and sadistically used force to cause harm." <u>Hudson</u>, 503 U.S. at 9.

The Fourth Circuit has stated that "absent the most extraordinary circumstances" an individual who suffers only <u>de minimis</u> injuries cannot prevail on a claim of excessive force in violation of the Eighth Amendment. To prevail on a claim of excessive force when the injuries sustained are <u>de minimis</u>, the force used must be "repugnant to the conscience of mankind." <u>Norman</u>, 25 F.3d at 1236 (the plaintiff's swollen thumb caused by the defendant's keys hitting him in the hand were <u>de minimis</u>); <u>Riley v. Dorton</u>, 115 F.3d 1159 (4th Cir. 1997)(en banc), <u>cert. denied</u>, 525 U.S. 1181 (1999)(the Fourth Circuit found that the

5

plaintiff's injuries of being slapped in the face and having the tip of a pen placed in his nose to be de minimis force).

In the present civil action, the plaintiff's injuries were de minimis. The plaintiff was injured when he was returning to his assigned housing unit on August 13, 2004. Specifically, the plaintiff alleges that Officer Bowman "kicked the plaintiff on his left leg just below the plaintiff's left leg knee area . . . ." (Compl. ¶ 2 at 3.) After the plaintiff entered his housing unit, he then noticed that there was blood on the area on his knee where he had been kicked. (Compl. ¶ 7 at 4.)

As alleged by the plaintiff, the plaintiff did not know that he was injured until he removed his sweat pants and noticed the blood on his left leg knee area. The plaintiff was seen by the medical staff. Three days after the alleged assault, the plaintiff's medical record reveals that the plaintiff suffered a small abrasion with little to no bleeding, no swelling, no complaints of pain and no difficulty walking. Thus, the plaintiff's claim of excessive force in violation of the Eighth Amendment is dismissed with prejudice for failure to state a claim.

B.  Due Process

"To show a violation of due process in the context of an assault, the plaintiff must allege that the defendant intended to infringe a constitutional right through the battery or could reasonably have foreseen that infringement would be the result." Perry v. Walker, 586 F. Supp. 1264, 1265 (E.D. Va. 1984)(citations

omitted). "[A]n allegation of unjustified striking along, without a factual allegation of, for instance, a striking affecting other substantive constitutional rights of a plaintiff, simply does not state a constitutional claim." Sellers v. Roper, 554 F. Supp. 202, 206 (E.D. Va. 1982).

This Court finds that the plaintiff alleges a general assault and battery because the plaintiff's allegation is one of an unjustified striking upon his person without a claim that Officer Bowman intended to violate a specific constitutional right. Specifically, the plaintiff alleged that he was kicked by Officer Bowman. There is no allegation or evidence that Officer Bowman intended to violate any of the plaintiff's constitutional rights. See id. Accordingly, plaintiff's claim is one of a general assault and battery and is not a due process violation under § 1983.

C. Deliberate Indifference

1. Humane Conditions

"A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

The plaintiff asserts that Officers Bender, Butler and Smith violated his Eighth Amendment rights for failing to report the alleged assault by Officer Bowman to their supervisor.

This Court agrees with the magistrate judge's finding that the actions of Officers Bender, Butler and Smith were neither punishment nor cruel and unusual. In addition, the plaintiff does not provide an assertion how the failure of Officers Bender, Butler and Smith to report the incident between the plaintiff and Officer Bowman resulted in a violation of the plaintiff's Eighth Amendment rights to be free from cruel and unusual punishment. Plaintiff also fails to state how the failure to report the incident denied the plaintiff humane conditions of confinement or was an excessive risk to his health or safety. Accordingly, this Court finds that plaintiff's deliberate indifference claim, for failure to report plaintiff's alleged assault by Officer Bowman, against Officers Bender, Butler and Smith is dismissed with prejudice for the failure to state a claim.

2. <u>Medical Need</u>

"In order to establish a claim of deliberate indifference to medical need, the need must be both apparent and serious, and the denial of attention must be both deliberate and without legitimate penological objective." <u>Grayson v. Peed</u>, 195 F.3d 692, 695 (4th Cir. 1999), <u>cert. denied</u>, <u>Grayson v. Royer</u>, 529 U.S. 1067 (2000). A serious medical condition exists if: (1) it has been diagnosed by a physician as mandating treatment or (2) it is so obvious that even a lay person would recognize that medical treatment is warranted. <u>Gaudreaut v. Municipality of Salem, Mass.</u>, 923 F.2d 203, 208 (1st Cir. 1990), <u>cert. denied</u>, 500 U.S. 956 (1991). This

Court finds that the prison officials were not deliberately indifferent to the plaintiff's medical needs.

The plaintiff asserts that the refusal of Officers Bowman, Bender, Butler and Smith "to admit the plaintiff to the institutional medical department to be assessed for injuries arising out of the attack on the plaintiff by the defendant, Officer Bowman" violated his Eighth Amendment rights. The plaintiff was able to walk and did not request medical assistance at the time of the incident. (Compl. at 51.) The plaintiff appeared to be unharmed by the incident. Thus, this Court finds that Officers Bender, Butler and Smith could not have known that the plaintiff required medical treatment.

Further, the plaintiff was taken by Officer Steals to have his leg "assessed for injuries." (Compl. at 8 ¶ 35.) The medical report states that the injury was minor with little to no bleeding. Since the plaintiff has not alleged or put forth any evidence that he suffered from a serious medical condition, this Court finds that the plaintiff's deliberate indifference claim for lack of medical need is dismissed.

D.  Retaliation

To establish a claim of retaliation, a plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). In addition, a plaintiff must allege that a government

9

official retailed against her in violation of her constitutional rights and that she suffered adversity in response to the exercise of the protected rights. See American Civil Liberties Union of Maryland, Inc. v. Wicomico County, Md., 999 F.2d 780, 785 (4th Cir. 1993).

The plaintiff asserts that Lieutenant Whinnery placed the plaintiff in administrative detention "after the plaintiff filed an administrative remedy against the defendant, Officer Bowman for attacking the plaintiff constitutes retaliation . . . ." (Compl. at 15.) While this court finds that the plaintiff's placement in administrative detention was related to the filing of his grievance against Officer Bowman, it was not a retaliatory measure. Instead, the plaintiff was placed in detention based upon the proper procedures of the Bureau of Prisons, which is to place a prisoner in detention when an inmate makes a serious allegation against a staff member. Since Lieutenant Whinnery was following the proper procedures for when a prisoner files a grievance, plaintiff's claim of retaliation is nothing more than conclusory. This Court agrees with the magistrate judge's recommendation, and accordingly, this plaintiff's retaliation claim is dismissed with prejudice for failure to state a claim.

E.  FTCA Claim

The FTCA "permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Medina v. United States,

259 F.3d 220, 223 (4th Cir. 2001). Since the alleged negligent acts occurred in West Virginia, this Court will examine these acts under the laws of West Virginia.

To establish a claim for negligence against the defendants, under West Virginia law, the plaintiff must establish three propositions: "(1) A duty which the defendant owes to him; (2) A negligent breach of that duty; (3) Injuries suffered thereby, resulting proximately from the breach of that duty." Webb v. Brown & Williamson Tobacco Co., 2 S.E.2d 898, 899 (W. Va. 1939).

The Bureau of Prisons owes a duty to federal prisoners to provide suitable quarters and to provide for the inmates' safekeeping, care and subsistence. 28 U.S.C. § 4042(a). This Court finds that the plaintiff has not shown a negligent breach of the duty owed to the plaintiff. There is no allegation that the Bureau of Prisons failed to provide suitable housing or that the plaintiff was not provided safekeeping, care and subsistence.

This Court also notes that the claims of the pro se plaintiff must be construed in a liberal fashion and thus, will interpret the plaintiff's claim as one for personal injury that resulted from the Bureau of Prisons's failure to provide for his safekeeping by allowing Officer Bowman to allegedly assault the plaintiff. See Huges v. Rowe, 449 U.S. 5, 9 (1980).

Accordingly, this Court finds that the plaintiff's tort claim under the Federal Tort Claim's Act, 28 U.S.C. § 2671, et seq., is not dismissed.

III. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons stated above, the plaintiff's Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), claims against the individual federal defendants are DISMISSED WITH PREJUDICE. The Clerk is directed to serve the plaintiff's tort claim, under the Federal Tort Claim's Act, 28 U.S.C. § 2671, et seq., upon the individual defendants through the United States pursuant to Rule 4(i) of the Federal Rules of Civil Procedure. In addition, the defendants are DIRECTED to respond to the plaintiff's tort claim, under the Federal Tort Claim's Act, 28 U.S.C. § 2671, et seq.[1]

Moreover, under Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985), the plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court.

IT IS SO ORDERED.

---

[1] Pursuant to 28 U.S.C. § 2678(c) and (d)(1), a governmental employee who is sued under the Federal Tort Claims Act in his individual capacity must provide all pleadings to the United States Attorney for the district in which the proceeding is brought. Upon certification that "[t]he defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, [the] civil action shall be deemed an action against the United States . . . and the United States shall be substituted as the party defendant." Id.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff and to counsel of record herein.

DATED:    June 7, 2006

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE