IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ELBERT S. TEAL,**

   **Plaintiff,**

v.                   Civil Action No. 5:05cv161
                      (Judge Stamp)

**UNITED STATES OF AMERICA,
OFFICER BOWMAN, OFFICER
BENDER, OFFICER BUTLER,
OFFICER SMITH, LIEUTENANT
WHINNERY**

   **Defendants.**

## REPORT AND RECOMMENDATION

  The *pro se* plaintiff initiated this case on September 19, 2005, by filing a civil rights complaint against the above-named defendants.[1] In the complaint, Plaintiff specifically asserted a claim against the Defendants under the Federal Tort Claims Act. Moreover, Plaintiff asserted that the Defendants violated his First, Eighth and Fourteenth Amendment rights.[2] Because the Defendants are federal employees, those claims were construed as Bivens claims. See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). On November 11, 2005, Plaintiff was granted permission to proceed as a pauper.

  On February 8, 2006, the undersigned conducted a preliminary review of the complaint pursuant to LR PL P 83.01, et seq., and 28 U.S.C. §§ 1915(e) and 1915A. In the ensuing Report

---

[1] Although Plaintiff named only the United States in the caption of the case, later in the complaint, Plaintiff identified the defendants as Officer Bowman ("Bowman"), Officer Bender ("Bender"), Officer Butler ("Butler"), Officer Smith ("Smith") and Lieutenant Whinnery ("Whinnery"). Complaint at 1.

[2] Specifically, Plaintiff asserted that the defendants retaliated against him, violated his due process rights, violated his right to be free from cruel and unusual punishment and were deliberately indifferent to his serious medical needs. Complaint at 15.

and Recommendation ("R&R"), it was recommended that Plaintiff's Bivens claims be dismissed with prejudice for the failure to state a claim. In addition, the undersigned construed Plaintiff's tort claim as a claim for personal injury resulting in the Bureau of Prisons ("BOP") failure to provide for his safekeeping by allowing one of its employees to assault him. With regard to that claim, the undersigned recommended that the claim be served upon the United States.

On June 8, 2006, the Honorable Frederick P. Stamp, Jr., adopted the R&R. Thus, Plaintiff's Bivens claims were dismissed with prejudice and the Clerk was directed to serve Plaintiff's tort claim on the defendants in accordance with Rule 4(i) of the Federal Rules of Civil Procedure. This case is currently before the undersigned for a report and recommendation on the United States' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment.

## I. Procedural History

### A. The Complaint

In the Complaint, Plaintiff asserts that on August 13, 2004, he was physically assaulted by Officer Bowman. On that day, Plaintiff was returning to his assigned housing unit when he was stopped by Bowman because one of his pant legs was pulled up to his knee. Plaintiff states that Bowman hoisted his foot off the ground and kicked Plaintiff in his left knee area in an attempt to move Plaintiff's pant leg down. Plaintiff further asserts that the "attack" was unprovoked and unwarranted and was done in the presence of Bender, Butler and Smith. After being kicked, Plaintiff returned to his assigned housing unit where he changed from his sweat suit into his institutional uniform. While changing, Plaintiff noticed blood in the area of his left knee. Accordingly, Plaintiff informed two staff members about the incident, but did not seek medical attention for his injury.

Three days later, Plaintiff spoke with the facilities' Assistant Warden ("AW"). Although

the AW told Plaintiff that the matter was being investigated, Plaintiff also filed a formal request for administrative remedy. As a result of his formal complaint, Plaintiff was contacted by, and met with, Lt. Whinnery. At that meeting, Whinnery advised Plaintiff that he would be taken to medical for an examination and then placed in administrative segregation.[3]

According to Plaintiff's medical records, his medical examination revealed a 7 cm x 2 cm abrasion, about the size of a stick of gum or a band-aid, near Plaintiff's left knee. The examination also revealed little or no blood, no sign of infection and no swelling. Plaintiff told the medical personnel that his leg did not hurt at the time of the examination, but that it had hurt at the time of the incident. Plaintiff made no complaints of pain and received only minor first aid. On August 17, 2004, photographs of Plaintiff's injuries were taken and he was assured that his allegations of staff misconduct would be referred for investigation.

In the complaint, Plaintiff states that he is raising a claim pursuant to the Federal Tort Claims Act. Additionally, Plaintiff specifically identified the following claims:

(1) that Bowman violated his Eighth Amendment right to be free from cruel and unusual punishment by using excessive force;

(2) the unprovoked "attack" violated the Due Process Clause of the Fourteenth Amendment;

(3) that Bender, Butler, and Smith violated his rights under the Eighth Amendment to be free from cruel and unusual punishment by failing to report the incident to their superiors and by failing to get plaintiff medical help;

(4) that Whinnery violated Plaintiff's rights under the First Amendment by placing him in

---

[3] Plaintiff was informed that it is customary for an inmate making allegations against staff to be placed in administrative confinement depending the outcome of any investigation.

segregation in retaliation for filing administrative grievances against Bowman.

**B. <u>The First Report and Recommendation</u>**

In the first R&R, the undersigned determined that Plaintiff had failed to state a claim of excessive force against Bowman. In doing so, the undersigned found that even if the facts alleged in the complaint were true, Plaintiff could not show more than a *de minimus* injury or that the force used by Bowman was repugnant, diabolic, or inhumane.

As to Plaintiff's due process claim, the undersigned found that Plaintiff could show no more than a general assault and battery and that he failed to establish that the striking affected his other substantive constitutional rights.

Next, the undersigned determined that Plaintiff could not establish a claim that Bender, Butler and Smith violated his Eighth Amendment rights by failing to report the assault to their superiors or by failing to get Plaintiff medical attention immediately following the "attack." With regard to the defendants failure to report the incident, the Court found that Plaintiff had failed to establish that such failure to report constituted cruel or unusual punishment. Nor did Plaintiff establish that the defendants failure to report the incident constituted inhumane conditions of confinement or that the defendants disregarded an excessive risk to Plaintiff's safety. Second, the undersigned determined that Plaintiff had failed to show that Bender, Butler, and Smith were deliberately indifferent to his serious medical needs. In fact, the undersigned found that Plaintiff had failed to even establish that he had a serious medical need, or that if he did, the defendants knew of that need and that Plaintiff could suffer substantial harm if his condition was not treated.

As to Plaintiff's retaliation claims, the undersigned found that Plaintiff could not state a claim for retaliation because inmates do not have a constitutional right to participate in grievance

procedures. Moreover, Plaintiff could not show that his placement in segregation was for anything other than legitimate penological reasons.

Finally, the undersigned noted that although Plaintiff had failed to properly plead his FTCA claim, the Court was required to construe Plaintiff's claims liberally and that it was possible that Plaintiff's claim under the FTCA was one for personal injury resulting in the BOP's failure to provide for his safekeeping by allowing one of its employees to assault him. Based on that possible claim, the undersigned found that summary dismissal should not be granted and that the Defendants should be made to answer Plaintiff's FTCA claim.

C. **Memorandum Opinion and Order Adopting the First R&R**

On June 8, 2006, Judge Stamp conducted a review of the R&R. In doing so, Judge Stamp noted that the parties did not object to the R&R and that the recommendations made therein were not clearly erroneous. Thus, the R&R was affirmed and adopted in its entirety. Plaintiffs' Bivens claims were thereafter dismissed with prejudice and the Clerk was directed to serve Plaintiff's tort claims upon the individual defendants through the United States pursuant to Rule 4. Moreover, the Defendants were reminded that upon proper certification that the individual defendants were acting within the scope of their employment at the time the incident occurred, the United States would be substituted as the sole remaining defendant.

Accordingly, that same day, the Clerk issued a summons for the United States Attorney for the Northern District of West Virginia. However, the Clerk did not issue summonses for the individual federal defendants or the United States Attorney General. Service was executed upon the United States Attorney on June 15, 2006, and the United States filed a Motion to Dismiss, or in the Alternative, for Summary Judgment on August 4, 2006.

D. **The Defendants' Motion to Dismiss or for Summary Judgment**

In the motion, the United States asserts that although the Court ordered service of process upon the individual defendants through the United States, the individual defendants were never served with a copy of the summons and complaint. Moreover, although the Court referenced the need for certification, the United States asserts that such certification appears unnecessary. Specifically, the United States asserts that Plaintiff names only the United States in the caption of his case and that in the body of the complaint, only specifically cites the FTCA as the basis for his claims. In addition, the United States asserts that Plaintiff filed an appropriate administrative tort claim with the agency, suggesting that Plaintiff understands that the United States is the only proper party defendant in a claim under the FTCA. Therefore, the United States asserts that certification is not necessary and that the individual defendants should be dismissed.

Second, the Defendant requests that Plaintiff's tort claim be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) because of the *de minimus* value of the claim. In support of this claim, the Defendant argues that the Fourth Circuit Court of Appeals has found that the amount sought may be considered when making a frivolity determination. In addition, the Defendant asserts that at least one District Court has found that although the FTCA does not establish a threshold amount, a complaint can be dismissed as frivolous where the injuries are *de minimus* and Plaintiff is not entitled to compensation for those injuries. Therefore, the Defendant argues that because Plaintiff suffered nothing more than a minor abrasion, that this Court has already determined to be a *de minimus* injury, and his claim would not result in an award of damages exceeding the $250 filing fee,[4] Plaintiff's claim should be dismissed as frivolous.

Third, the Defendant argues that under the Prison Litigation Reform Act ("PLRA"),

---

[4] At the time this case was filed, the filing fee for filing a civil action in this Court was $250. The filing fee has since been raised to $350.

Plaintiff cannot assert a claim for mental or emotional damages without a showing of prior physical injury. In addition, that injury must be more than *de minimus*. Therefore, the Defendant seeks the dismissal of Plaintiff's claims for mental and emotional damages.

Fourth, the Defendant argues that punitive damages are not recoverable under the FTCA. Thus, the Defendant seeks dismissal of Plaintiff's claim for punitive damages.

### E. Plaintiff's Response to the Defendants' Motion

In his response to the Defendant's motion, Plaintiff requests that the Court not dismiss his case as frivolous. In support of this request, Plaintiff states that his medical records conclusively show that he did sustain an injury to his left leg as a result of the "attack" by Bowman. Moreover, Plaintiff asserts when he was on his way to lunch after noticing that his leg was injured, he approached Officer Kerns ("Kerns") to tell him about the assault and the injury. Plaintiff asserts that Kerns "failed to properly address the matter." Response at 3.

Next, Plaintiff states that Bowman had a duty to "not use brutality, or physical violence against [him]" and that Bowman breached that duty when he elected to kick Plaintiff. Id. As a result of Bowman's breach of duty, Plaintiff asserts that he suffered an injury, namely, a small abrasion and bleeding just below his left knee. Plaintiff then argues that his case is distinguishable from those cited by the Defendant because those cases do not involve an unwarranted assault on a prisoner by a correctional officer.

In addition, Plaintiff asserts that the Defendant's *de minimus* argument is groundless. Specifically, Plaintiff states that the Supreme Court in Hudson v. McMillian, 503 U.S. 1 (1992), found that the use of physical force against a prisoner may constitute cruel and unusual punishment even though the prisoner did not suffer serious injury. Moreover, Plaintiff then seemingly argues that regardless of this finding, his injury was not *de minimus*. Specifically,

7

Plaintiff asserts that although he did not report to Health Services until three days after the incident, he tried to obtain medical treatment before that date but was denied. In any event, Plaintiff asserts that staff who witnessed the event should have automatically referred him to health services and that those staff members that he subsequently told about the incident should have also referred him to health services. However, Bender, Butler and Smith failed to take him to health services after the incident and Kerns told Plaintiff that he did not appear hurt. Plaintiff asserts that staff was trying to cover up the incident and did not take any action until they had to upon the filing of Plaintiff's formal complaint.

Next, Plaintiff asserts that he has also sought subsequent medical treatment for the injury to his leg. However, Plaintiff was told by medical staff that the pain he is experiencing in his leg in not the result of being kicked, but the result of arthritis in his knee. Plaintiff provides copies of his medical records from other institutions in which he has requested medical care for pain in his left leg.

With regard to his request for mental and emotional damages, Plaintiff argues that those claims should not be dismissed because he can clearly show that he suffered a physical injury and that the FTCA does not bar a claim for such damages on the basis of a *de minimus* injury.

Finally, Plaintiff concedes that he is not entitled to punitive damages under the FTCA and withdraws that claim.

## II. Standard of Review

### A. Motion to Dismiss

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc., v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, dismissal for failure to state a

8

claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

## B. Motion for Summary Judgment

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. Rule 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex, 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine

issue for trial.  Id.  This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  Anderson, 477 U.S. at 256.  The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment.  Id. at 248.  Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party."  Matsushita, 475 U.S. at 587 (citation omitted).

### III.  Analysis

**A.  Defendants Bowman, Bender, Butler, Smith and Whinnery**

Pursuant to 28 U.S.C. § 2679(c) and (d)(1), a governmental employee who is sued under the FTCA in his individual capacity must provide all pleadings to the United States Attorney for the district in which the proceeding is brought.  Upon certification that the employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose, [the] civil action shall be deemed an action against the United States . . . and the United States shall be substituted as the party defendant.  Id.

Here, it is not clear that Plaintiff intended to name the United States as the only defendant in his tort action.  Therefore, it would have been appropriate for the United States to make the proper certification as directed by Judge Stamp in his Memorandum Opinion.  However, the undersigned notes that the Clerk failed to effect proper service upon the individual defendants.  Moreover, in the memorandum in support of its motion to dismiss, the United States specifically states that it is the only proper party defendant for Plaintiff's FTCA claims.  Memorandum (dckt. 18-2) at 2-3, n. 2.  Accordingly, the Court will construe that statement as certification that the individual defendants were acting in the scope of their employment at the time of the alleged

10

events. Therefore, the undersigned recommends that the individual defendants be dismissed from this action, leaving the United States as the only remaining defendant for purposes of Plaintiff's FTCA claim.[5]

## B. **Punitive Damages**

Pursuant to Plaintiff's concession that he is not entitled to punitive damages under the FTCA, his request to withdraw that claim should be granted and his request for punitive damages should be dismissed with prejudice. See 28 U.S.C. § 2674 ("The United States . . . shall not be liable . . . for punitive damages.").

## C. **Value of Plaintiff's Claim**

In Deutsch v. United States, 67 F.3d 1080, 1081 (3d Cir. 1995), the Third Circuit Court of Appeals found that "a Court may dismiss an *in forma pauperis* claim as frivolous if, after considering the contending equities, the court determines that the claim is: (1) of little or no weight, value, or importance; (2) not worthy of serious attention; or (3) trivial." Granting such authority to the district court under 28 U.S.C. § 1915 serves the *in forma pauperis* statute's "frequently overlooked purpose of providing the courts with a vehicle for conserving scarce judicial resources and assuring that resources are used in the most just manner possible."[6] Id. at 1089.

In determining whether a claim is frivolous, the court should make a two-step analysis. First, the court should compare the cost/recovery differential and determine whether the

---

[5] Because the Court has substituted the United States for the individual defendants in Plaintiff's tort action, the failure of the Clerk to properly serve those defendants is without impact.

[6] See also Nagy v. FMC Butner, 376 F.3d 252 (4th Cir. 2004) (finding that a district court may consider the value of a prisoner's claim when determining whether to dismiss it as frivolous under the *in forma pauperis* statute).

reasonable paying litigant would have been dissuaded from filing. Id. at 1088. "Accordingly, the court must first find the actual amount in controversy under the claim presented and determine whether the amount in controversy is less than the expense of the court costs and filing fees." Id. at 1089-1090 (emphasis added). In addition, although the Third Circuit recognized "that some litigants request large sums for a monetary remedy," the Court found that the amount requested by the Plaintiff "should be of no moment when a district court inquires as to whether a claim is economically trivial." Id. at 1089, n. 10.

Second, the Court should determine whether the litigant "has a nonmonetary interest at stake under the claim," which would warrant the allocation of the court's resources "despite the fact that the claim is economically trivial." Id. at 1090. If the actual amount in controversy is less than the court costs and filing fees, and the court is satisfied that there is no other meaningful interest at stake, then the suit should be dismissed as frivolous. Id.

In this case, Plaintiff seeks actual damages in the amount of $100,000 and mental and emotional damages in the amount of $50,000. Plaintiff originally sought $100,000 in punitive damages, but as mentioned above, that claim has been withdrawn. The undisputed facts in this case are that Officer Bowman kicked Plaintiff just below his left knee.[7] After he was kicked, Plaintiff walked to his cell where he discovered some blood on his leg while changing his pants. Plaintiff did not seek medical attention for three days. At the time of his medical exam, Plaintiff told medical personnel that his leg had hurt at the time of the incident, but that it did not hurt at

---

[7] The undersigned made findings of fact and conclusions of law in the first R&R. Plaintiff did not object to those findings and the R&R was adopted in its entirety by the District Judge. Thus, Plaintiff has waived his right to appeal those findings. See 28 U.S.C. 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.) cert. denied, 467 U.S. 1208 (1983); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985). Likewise, Plaintiff should not be entitled to challenge those findings now.

the time of the exam. Medical personnel noted that Plaintiff had a 7 cm x 2 cm abrasion on his left leg below his knee. Plaintiffs' medical records show that he was not prescribed any pain medication and that he received only minor first aid.

Clearly, Plaintiff was injured when he was kicked on the left leg by Officer Bowman. However, the extent of Plaintiff's injury was a small abrasion that required little to no medical care, no pain medication and no convalescence time. At best, Plaintiff's leg hurt at the time of the attack and bled only slightly. Moreover, Plaintiff was able to ambulate immediately after being kicked and did not even know that his leg was injured until he removed his sweat pants to change into his institutional uniform. Clearly, Plaintiff's injury was *de minimus* and the actual amount of damages does not exceed the court costs and filing fees in this case. This decision comports with similar decisions from at least two other district courts. See Homen v. United States, 2002 WL 844347 (S.D.N.Y. May 2, 2002) (plaintiff not entitled to compensation for pain and suffering for a three-centimeter abrasion plaintiff received when he fell and grazed his head); Gil v. United States, 2006 WL 385088 (M.D.Fla. Feb. 17, 2006) (finding $150 is fair and reasonable damages for prisoner suffering from food poisoning). Plaintiffs' injuries are no more severe than the injuries suffered in Homen or Gil and he is not entitled to compensation for those injuries.[8]

---

[8] In fact, Plaintiff's injuries were even less severe than the injuries in Gil. In Gil, the plaintiff suffered food poisoning after being served spoiled ham in the prison chow hall. Plaintiff's symptoms included nausea, vomiting, diarrhea, chills, headache and dizziness. Plaintiff immediately sought medical treatment and was given medication and Gatorade. Plaintiff received a medical convalescence slip and was off work for two days. In determining damages, the Court found that Plaintiff suffered from acute gastroenteritis for a period of three days. Even so, the Court found that because Plaintiff was a prisoner, he did not incur any medical expenses, lost wages or other special damages. Therefore, the Court found that Plaintiff was entitled to only $150 in damages. Thus, it would appear that Plaintiff's injuries in this case are worth less than $150, clearly less than the amount of the $250 filing fee and low enough to dissuade the reasonable litigant from filing suit.

In addition, upon a review of the complaint, the undersigned finds that there is no nonmonetary interest at stake. With regard to his FTCA claim, the only remaining claim, Plaintiff seeks only monetary damages. See Complaint at 15-16. Plaintiff does not request declaratory relief, injunctive relief or any other kind of relief with regard to his tort claim. Thus, because the undersigned finds that the actual amount in controversy is less than the filing fee, and that there is not other meaningful interests at stake, it is recommended that the Plaintiff's tort claim be dismissed as frivolous.

D. **Mental and Emotional Damages**

No federal action, whether it alleges a tort claim or a constitutional violation, may be brought by a prisoner for mental or emotional injury suffered while in custody without a showing of physical injury. See 42 U.S.C. § 1997e(e). To overcome that limitation on recovery, the underlying physical injury must be more than *de minimus*, but need not be significant. See Perkins v. Dewberry, 139 Fed.Appx. 599 (4th Cir. July 28, 2005) (*per curiam*); Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002); Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312-1313 (11th Cir. 2002); Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999).

In this case, the Court has determined that Plaintiff's injuries were *de minimus*. Accordingly, Plaintiff is not entitled to mental and emotional damages.

**IV. Recommendation**

For the foregoing reasons, the undersigned recommends that the Defendant's Motion to Dismiss or in the Alternative, Motion for Summary Judgment (dckt. 18) be GRANTED and the complaint be DISMISSED with prejudice.

Within ten (10) days after being served with a copy of this report and recommendation,

any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: November 9, 2006.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE