IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELBERT S. TEAL,

    Plaintiff,

v.                                             Civil Action No. 5:05CV161
                                                                   (STAMP)
UNITED STATES OF AMERICA,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING UNITED STATES'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT,
GRANTING PLAINTIFF'S REQUEST TO WITHDRAW
HIS REQUEST FOR PUNITIVE DAMAGES AND
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

On September 19, 2005, pro se plaintiff, Elbert S. Teal, filed a complaint against the defendants seeking monetary damages pursuant to Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq. On November 11, 2006, the plaintiff was granted permission by United States Magistrate Judge James E. Seibert to proceed in forma pauperis. On February 8, 2006, Magistrate Judge Seibert conducted a preliminary review of the complaint pursuant to Local Rule Prisoner Litigation Rule 83.01, et seq., and 28 U.S.C. §§ 1915(e) and 1915A. The magistrate judge entered a report recommending that the plaintiff's Bivens claims be dismissed with prejudice for the plaintiff's failure to state a claim. In addition, the magistrate judge construed the plaintiff's tort claim under the FTCA, 28 U.S.C. § 2671, et seq., as a claim for personal injury resulting in the failure of the

Bureau of Prisons ("BOP") to provide for his safekeeping by allowing one of its employees to assault him. With regard to the FTCA claim, the magistrate judge recommended that the claim be served upon the United States of America.

On June 7, 2006, this Court entered a memorandum opinion and order affirming and adopting the report and recommendation of the magistrate judge, thus the plaintiff's Bivens claims against the individual federal defendants were dismissed with prejudice. Further, the clerk was directed to serve the plaintiff's tort claim, under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. upon the individual defendants pursuant to Federal Rule of Civil Procedure 4(i).

Subsequently, the remaining claim was referred to Magistrate Judge Seibert for submission of proposed findings of fact and recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B).

On August 4, 2006, the United States filed a motion to dismiss or, in the alternative, for summary judgment, to which the plaintiff responded. On August 21, 2006, the plaintiff filed a motion for clarification regarding service of the summons and complaint on the individual defendants in this action. Thereafter, Magistrate Judge Seibert entered an order granting the plaintiff's motion for clarification. On November 9, 2006, Magistrate Judge Seibert entered a report recommending that the United States's motion to dismiss or, in the alternative, for summary judgment be granted and the plaintiff's complaint be dismissed with prejudice.

The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. To date, the parties have not filed objections.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a <u>de novo</u> review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to <u>de novo</u> review is waived. <u>See</u> <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## I. <u>Facts</u>

On August 13, 2004, the plaintiff was returning to his assigned housing unit when he alleges that Officer Bowman "hoisted his foot from up off the ground and kicked the plaintiff on his left leg just below the plaintiff's left leg knee area in an attempt to kick the plaintiff's pants leg back down the plaintiff's leg." (Compl. at 3.) Plaintiff asserts that Officer Bowman committed this action in front of Officers Bender, Butler and Smith.

After he was "attacked," the plaintiff asserts that Officers Bender, Butler and Smith were deliberately indifferent to his needs because they failed to notify their superiors about the incident and failed to obtain medical attention for the plaintiff. Moreover, the plaintiff proceeded to enter his assigned housing unit to change out of his sweat pants and into his institutional uniform. As the plaintiff removed his sweat pants, he observed blood on the area where he had been kicked by Officer Bowman.

Later that day, the plaintiff informed two staff members about the incident. Plaintiff was told by one staff member that he did not appear to be hurt and was informed by another staff member that the incident would be reported to an Assistant Warden. It does not appear as if the plaintiff sought medical attention for his injuries.

Three days later, the plaintiff was advised by an Assistant Warden that he had indeed been informed of the incident and that he was taking care of it. Nevertheless, the plaintiff informed at least three additional staff members of the incident. Plaintiff handed an informal administrative remedy request to one of those persons and also provided a copy of that request to his correctional counselor. As a result, the plaintiff was seen by Lieutenant Whinnery that afternoon. The lieutenant informed plaintiff that he would be taken to the medical office at the prison for an examination and would then be placed in administrative detention. Plaintiff was informed that anytime an

4

inmate makes an allegation of this nature against a staff member, the inmate is placed in administrative detention pending the investigation.

According to the plaintiff's medical records, he had a seven centimeter by two centimeter abrasion near his left knee. The examination revealed little or no blood, no sign of infection and no swelling. The plaintiff informed medical personnel that his leg did not hurt at the time of the examination but that it had hurt at the time of the incident.

On August 17, 2004, the plaintiff was escorted to an office in the Special Housing Unit ("SHU") where photographs of his injuries were taken. Plaintiff continued to file grievances about the incident and was assured that his allegations of staff misconduct had been referred to the appropriate component of the Bureau of Prisons ("BOP") for investigation and disposition. Despite this information, the plaintiff continued to file grievances about the incident and continued to inform other staff members about the "attack."

In his complaint, the plaintiff asserts that: (1) defendant Officer Bowman violated his Eighth Amendment right to be free from cruel and unusual punishment by using excessive force; (2) the unprovoked "attack" on the plaintiff by Officer Bowman violated the Due Process Clause of the Fourteenth Amendment; (3) Officers Bender, Butler and Smith violated the plaintiff's right under the Eighth Amendment to be free from cruel and unusual punishment by

5

failing to report the incident to their superiors and by failing to provide medical attention to the plaintiff; and (4) Lieutenant Whinnery violated the plaintiff's First Amendment right by placing him in segregation.

In his first report and recommendation, the magistrate judge determined that the plaintiff had failed to state a claim of excessive force against Bowman.  In doing so, the magistrate judge found that even if the facts alleged in the complaint were true, the plaintiff could not show more than a de minimus[1] injury or that the force used by Bowman was repugnant, diabolic or inhumane.  The magistrate judge further found that the plaintiff could not establish a due process claim, a claim for a violation of the plaintiff's Eight Amendment right or a claim for retaliation.

This Court entered an order affirming and adopting the magistrate judge's report and recommendation. Plaintiff's Bivens, 403 U.S. at 388, claims were dismissed with prejudice and the Clerk was directed to serve the plaintiff's tort claims upon the individual defendants through the United State pursuant to Rule 4.  That same day, the Clerk issued a summon for the United States Attorney for the Northern District of West Virginia.  However, the Clerk did not issue summonses for the individual federal defendants or the United States Attorney General.  Service was executed upon

---

[1] de minimis [Latin: "of the least"] 1.  Trifling; minimal.  2. (Of a fact or thing) so insignificant that a court may overlook it in deciding an issue or case. 3. de minumus non curat lex. Black's Law Dictionary 464 (8th ed. 2004).

6

the United States Attorney on June 15, 2006, and the United States filed a motion to dismiss, or in the alternative, for summary judgment.

## II. Applicable Law

A. Motion to Dismiss

The United States moves this Court to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6). In assessing a motion to dismiss for failure to state a claim under this Rule, a court must accept the factual allegations contained in the complaint as true. Advanced Health Care Servs., Inc. v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

Stated another way, it has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 294 (2d ed. 1990). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the

claim and is designed to test whether there is a genuine issue of material fact.  Id. § 1356, at 298.  For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a).  Id. § 1357, at 304, 310.

This Court also notes that a pro se plaintiff is given wide latitude in framing a complaint.  Such a pro se complaint must be liberally construed in favor of the plaintiff and held to a "less stringent standard than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519 (1972).  However, this standard does not relieve a pro se plaintiff of his obligations under the Federal Rules of Civil Procedure and, although this Court should and will liberally construe pro se pleadings, it cannot act as an advocate. See Weller v. Dep't of Soc. Serv., 901 F.2d 387 (4th Cir. 1990). However, in an abundance of caution, to the extent that plaintiff's pleadings assert arguments against a judgment in the defendants' favor, this Court will construe such documents as responsive to the defendants' motion to dismiss.

Finally, "[a] district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice.  That determination is within the

district court's discretion." <u>Carter v. Norfolk Community Hosp. Ass'n</u>, 761 F.2d 970, 974 (4th Cir. 1985).

B. <u>Summary Judgment</u>

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." <u>Temkin v. Frederick County Comm'rs</u>, 945 F.2d 716, 718 (4th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1095 (1992)(citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986)). However, as the United States Supreme Court noted in <u>Anderson</u>, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." <u>Id.</u> at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of

either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

A district court may grant summary judgment sua sponte where the losing party has had "a full and fair opportunity" to ventilate the issues involved in the motion. Portsmouth Square, Inc. v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985). By fully briefing his motion for summary judgment, the plaintiff has had a full and fair opportunity to develop and present facts

and legal argument in support of its position with regard to coverage. See <u>Victus, Ltd. v. Collezione Europa U.S.A. Inc.</u>, 26 F. Supp. 2d 772, 775 (M.D.N.C. 1998).

### III. <u>Analysis</u>

The magistrate judge found that Bowman, Bender, Butler, Smith and Whinnery should be dismissed from this civil action and the United States should remain the only defendant for purposes of the plaintiff's FTCA claim. This Court agrees and the United States shall remain the only defendant in this action.

A. <u>Punitive Damages</u>

The magistrate judge found that the plaintiff's request to withdraw his claim for punitive damages should be granted. Under 28 U.S.C. § 2674, the United States "shall not be liable . . . for punitive damages." Accordingly, the plaintiff's request to withdraw his claim for punitive damages should be granted.

B. <u>Plaintiff's Claim</u>

The Third Circuit Court of Appeals in <u>Deutsch v. United States</u>, 67 F.3d 1080 (3rd Cir. 1995), held that "a Court may dismiss an <u>in forma pauperis</u> claim as frivolous if, after considering the contending equities, the court determines that the claim is: (1) of little or no weight, value, or importance; (2) not worthy of serious attention; or (3) trivial." The court in <u>Deutsch</u> reasoned that district courts are granted such authority under 28 U.S.C. § 1915 in an effort to serve the <u>in forma pauperis</u> statute's "frequently overlooked purpose of providing the courts with a

11

vehicle for conserving scarce judicial resources and assuring that resources are used in the most just manner possible." Id. at 1089.

In determining whether a claim is frivolous, a court should utilize a two-step analysis. Id. First, the court should compare the cost/recovery differential and determine whether the reasonable paying litigant would have been dissuaded from filing. Id. at 1088. To determine this, "the court must first find the actual amount in controversy under the claim presented and determine whether the amount in controversy is less than the expense of the court costs and filing fees." Id. at 1089-1090. Second, the court should determine whether the litigant "has a nonmonetary interest at stake under the claim," which would warrant the allocation of the court's resources "despite the fact that the claim is economically trivial." Id. at 1090. If the actual amount in controversy is less than the court costs and filing fees, and the court is satisfied that there is no other meaningful interest at stake, then the action should be dismissed as frivolous. Id.

In this action, the plaintiff seeks actual damages in the amount of $100,000.00 and mental and emotional damages in the amount of $50,000.00. The plaintiff originally sought $100,000.00 in punitive damages, but as stated above, the plaintiff withdrew his claim for these damages. The undisputed facts in this action are that Officer Bowman kicked the plaintiff just below his left knee. After he was kicked, the plaintiff walked to his cell where he discovered some blood on his leg while changing his pants. The

plaintiff did not seek medical attention for three days.  At the time of his medical exam, the plaintiff told medical personnel that his leg had hurt at the time of the incident, but that it did not hurt at the time of the exam.  Medical personnel noted that the plaintiff had a seven centimeter by two centimeter abrasion on his left leg below his knee.  The plaintiff's medical records indicate that he was not prescribed any pain medication and that he received only minor first aid.

   Clearly, the plaintiff was injured when he was kicked on the his left leg by Officer Bowman.  However, the plaintiff's injury was <u>de minimus</u> because it was a small abrasion that required little to no medical attention, no pain medication and no convalescence time.  Viewing the plaintiff's allegations in a light most favorable to him, this Court finds that he experienced slight pain in his leg at the time that Officer Bowman kicked him and his leg bled only slightly.  Further, the plaintiff was able to ambulate immediately after being kicked and did not even know that his leg was injured until he removed his sweat pants to change into his institutional uniform.  Clearly, the plaintiff's injury was <u>de minimus</u> and the actual amount of damages does not exceed the court costs and filing fees in this case.  This decision comports with similar decisions from at least two other district courts.  <u>See Homen v. United States</u>, 2002 WL 844347 (S.D.N.Y. May 2, 2002)(unpublished)(the plaintiff was not entitled to compensation for pain and suffering for a three-centimeter abrasion that the

plaintiff received when he fell and grazed his head); <u>Gil v. United States</u>, 2006 WL 385088 (M.D. Fla. Feb. 17, 2006)(unpublished). The plaintiff's injuries in this action are no more severe than the injuries suffered in <u>Homen</u>, 2002 WL at 844347, or <u>Gil</u>, 2006 WL at 3850888, and that he is not entitled to compensation for those injuries. As noted by the magistrate judge, the plaintiff's injuries in this action were less severe than the injuries the prisoner suffered in <u>Gil</u>, 2006 WL at 3850888. In <u>Gil</u>, the prisoner suffered from severe gastroenteritis for a period of three days. In this action, the plaintiff suffered only slight pain in his knee for less than a day.

Finally, upon review of the plaintiff's complaint in this action, the magistrate judge found that there is no nonmonetary interest at stake in this action. With regard to his FTCA claim, which is the plaintiff's only remaining claim, the plaintiff seeks only monetary damages. <u>See</u> Compl. at 15-16. The plaintiff does not request declaratory relief, injunctive relief or any other kind of relief with regard to his tort claim. Thus, the magistrate judge correctly found that the actual amount in controversy is less than the filing fee and that there is no other meaningful interests at stake. Accordingly, the plaintiff's tort claim must be dismissed as frivolous.

D. <u>Mental and Emotional Damages</u>

No federal action, whether it alleges a tort claim or a constitutional violation, may be brought by a prisoner for mental

or emotional injury suffered while in custody without a showing of physical injury. 42 U.S.C. § 1997e(e). To overcome that limitation on recovery, the underlying physical injury must be more than de minimus. See e.g. Perkins v. Dewberry, 139 Fed. Appx. 599 (4th Cir. 2005)(unpublished); Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312-13 (11th Cir. 2002).

In this action, the magistrate judge found that the plaintiff's injuries were de minimus. Thus, the magistrate judge correctly found that the plaintiff is not entitled to mental and emotional damages.

## IV. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons stated above, the United States's motion to dismiss or in the alternative, motion for summary judgment is hereby GRANTED and the plaintiff's request to withdraw his claim for punitive damages is hereby GRANTED. Thus, the plaintiff's complaint is hereby DISMISSED WITH PREJUDICE.

Moreover, under Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985), the plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    February 16, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE